**MARSHALL v. WILBUR, Secretary of Interior.**

**No. 5183.**

Court of Appeals of District of Columbia.

Submitted Oct. 9, 1930.

Decided Feb. 2, 1931.

See, also, United States ex rel Vindicator Consolidated Gold Mining Co. v. Wilbur, 60 App. D. C. 60, 47 F.(2d) 422.

Edmund Burke and L. Q. C. Lamar, both of Washington, D. C., for appellant.

O. H. Graves and Victor H. Wallace, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of the Supreme Court of the District of Columbia.

WHEAT, Acting Associate Justice.

This is an appeal from a judgment of the Supreme Court of the District denying a petition which sought a review, pursuant to the Act of February 13, 1929 (chapter 182, 45 Stat. 1166), of the action of the Secretary of the Interior in rejecting a claim filed under section 5 of the Act of March 2, 1919 (chapter 94, 40 Stat. 1272, 1274), commonly called the War Minerals Relief Act.

The statutes are the same as those involved in the case of the Crimora Manganese Corporation v. Wilbur, Secretary, 60 App. D. C. 55, 47 F.(2d) 417, decided this day.

The case was heard below upon petition and answer. The petition was dismissed; the court finding that no errors of law had been made by the Secretary of the Interior.

The material facts disclosed by the record are that the petitioner filed with the Secretary of the Interior a claim under the War Minerals Relief Act, in which he set forth alleged losses amounting to $504,245.74. This was made up of four items: An item of $7,989.28, sustained in connection with the purchase of manganese mining properties in Brazil; an item of $177,979.16, being the amount of a loan of $170,000, with interest, advanced to the Crimora Manganese Corporation to enable it to buy machinery and plant equipment for the purpose of mining manganese ore; an item of $285,941.93, the loss sustained through the purchase of manganese ore in Cuba, its shipment to Graham, Va., and its conversion there into an alloy; an item of $32,335.37, a loss sustained in the purchase of manganese ore in Cuba.

The answer of the respondent sets forth that during 1919 the attorneys who represented the petitioner before the Department of the Interior transferred the item of $170,000, with interest, from the petitioner's claim to the claim filed by the Crimora Manganese Corporation, thereby eliminating that item.

It further sets forth that on April 12, 1920, the petitioner also struck the item of $7,989.28 from its claim, advising the Department that the item represented a loss incident to ore which he had paid for and

422

which he had decided to abandon at the mine, but that, due to the revival of business, it would be possible for him to move all or part of the ore.

The answer further sets out that Secretary Payne, on March 3, 1921, rejected the petitioner's claim, and found as a matter of fact that the two items referred to as having been withdrawn had been withdrawn, that he had found as a matter of fact that the item of $285,941.93 represented a loss incurred in buying and smelting ores, and that the item of $32,335.37 represented a loss incurred in loaning money to miners in Cuba, and that he decided and declared that losses of the character described could not be compensated for under the War Minerals Relief Act.

It also appears from the papers that Secretary Work again rejected the claim on October 23, 1925, and on December 4, 1925, he declined to reopen the case.

In our opinion, the record shows that the disposition of this claim made by the Secretary of the Interior was proper on the facts found by him.

 The statute gives no general authority to the Secretary of the Interior to make good all losses sustained in or in connection with mining and smelting operations. "It dealt with the subject with the utmost caution. It hedged the granting of the equitable gratuity with limitations to prevent the use of the statute for the recovery of doubtful or fraudulent claims or merely speculative losses." Work v. Rives, 267 U. S. 175, 182, 45 S. Ct. 252, 254, 69 L. Ed. 561. Only "net losses" were recoverable. They must have resulted from producing, or preparing to produce, manganese or other named minerals, in compliance with the request or demand of the Department of the Interior, the War Industries Board, the War Trade Board, the Shipping Board, or the Emergency Fleet Corporation. The expenditures made or the obligations incurred, which resulted in the loss, must have been "for or upon property" containing the minerals. Every claim which does not satisfy all these conditions must be rejected, and we are bound by the Secretary's findings of fact. As to the items which the Secretary found had been withdrawn, nothing more need be said. As to the losses which resulted from buying and smelting ores, and loaning money to miners in Cuba, they are plainly not within the statute. Much stress is laid upon "stimulation." The petition, however, while alleging that the appellant was "by the request, demand, solicitation and appeal of the United States of America and their agencies urged and stimulated," nowhere mentions any one of the five agencies named in the statute. This alone renders the petition defective. The statute is explicit. No "stimulation" whatever, unless by one of the five, is effective to confer the right to invoke the benefits of the congressional gratuity.

The judgment is affirmed.